**Louise Lanzilotta DICKS,**
**Plaintiff–Appellant,**

v.

**THOMAS MORE COLLEGE,**
**Defendant–Appellee.**

No. 02–6339.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2003.

Before BOGGS and SILER, Circuit Judges; and RICE, District Judge.*

*ORDER*

This is a direct appeal from a summary judgment for the defendant in this action filed on the authority of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Walter Herbert Rice, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

In 2000, Louise Dicks filed a complaint against Thomas More College (the "College") seeking monetary damages and other relief for alleged ADA violations as well as an alleged defamation under Kentucky state law. The matter was referred to a magistrate judge who recommended that summary judgment should be entered for the College on all claims. The district court adopted this recommendation in the absence of any objections by Dicks and this appeal followed.

The district court's adoption of the magistrate judge's recommendation will be reviewed by this court as a grant of summary judgment on the merits. This court reviews de novo a district court order granting summary judgment. *See, e.g., Cockrel v. Shelby County Sch. Dist.,* 270 F.3d 1036, 1048 (6th Cir.2001), *cert. denied,* 537 U.S. 813, 123 S.Ct. 73, 154 L.Ed.2d 15 (2002). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making its determination, the court will view all evidence and any factual inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A de novo review of the judgment on appeal shows that the College was entitled to summary judgment on the merits as Dicks failed to show that she was disabled within the meaning of the ADA or that she was the victim of defamation under Kentucky state law.

Dicks's complaint centers around her inability to pass a mathematics course at the College and the response of College officials to her plight. Dicks contends that she was enrolled at the College in November 1998 when she began having difficulty in a basic algebra course. She consulted with Dr. Stan Heck, a clinical psychologist, in an effort to ascertain the source of her difficulty. Dicks maintains that she provided a copy of Dr. Heck's report, including his opinion that Dicks was suffering from a problem with her "vision," to the College's Dean of Students. Dicks alleges that the Dean of Students improperly shared this information with other College officials who, in turn, perpetrated falsehoods about Dicks, refused to obtain tutors for Dicks and, finally, caused Dicks to fail the class and the program. The acts of the officials are characterized as willful and intentional and Dicks claims to have received other medical opinions that support the earlier diagnosis of Dr. Heck. The claim for relief is primarily an award of one hundred million dollars for the ADA violation and the alleged defamation.

A review of the evidentiary material in the record, including Dicks's own deposition, reveals an entirely different version of Dicks's "visual disability" as well as her experience at the College. Dicks enrolled at the College on August 27, 1997, and she received a grade of "F" the first time she took a required course in basic algebra. She signed up to repeat the algebra course in the fall of 1998, but she withdrew before completing the course. Dicks went to the Dean of Students with a claim that she had a disability that prevented her from passing the algebra course. The Dean told Dicks that if she could document her disability, the College would consider accommodating her in this regard.

Dicks consulted with Dr. Heck and submitted his report to the Dean. Dr. Heck's

opinion was that Dicks suffered from, among other things, weak skills in visual attention (*not* visual acuity), and suggested that she might have a form of attention deficit disorder that could be accommodated by waiving the required algebra course of study. Dr. Heck's subsequent response to interrogatories in the present litigation reflect his belief that Dicks's difficulty with algebra was due to poor processing of information gained visually, but that this did not amount to a formal learning disability. In fact, Dicks has never provided any proof of a visual impairment in the context of the present litigation or in any of her other similar administrative complaints.

In spite of the complete lack of medical evidence pointing to a formal learning disability, the College made several concessions to Dicks in the form of providing numerous tutors, referring her to a math learning center, giving her permission to withdraw (instead of withdraw while failing) from her second attempt at the algebra course, and permitting Dicks to substitute one of two other classes for the algebra requirement.

An analysis of an ADA claim in the Sixth Circuit "roughly parallels" that of Rehabilitation Act claims. *McPherson v. Mich. High School Athletic Ass'n,* 119 F.3d 453, 459–60 (1997) (en banc) (quoting *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir.1996)). In order to state a prima facie case of disability discrimination under the Rehabilitation Act or the ADA, it was incumbent upon Dicks to prove that she is 1) disabled as defined by each statute, 2) "otherwise qualified" for participation in the program, and 3) being denied the benefits of or being dismissed from a program based on her disability. *Kaltenberger v. Ohio Coll. of Podiatric Med.,* 162 F.3d 432, 435 (6th Cir. 1998) (ADA, Rehabilitation Act, and Ohio

Civil Rights Act claims). An individual is considered "disabled" within the meaning of the ADA if 1) he "has a physical or mental impairment that substantially limits one or more of the major life activities of such individual," 2) he "has a record of such impairment," or 3) he is regarded by his employer as having such an impairment. *Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 810 (6th Cir.1999); *see also* 42 U.S.C. §§ 12102(2)(A)-(C). In order to be substantially limited in performing a major life activity, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

A review of the evidence of Dicks's alleged visual impairment as summarized above shows that she completely failed to present even a prima facie case that she suffered from that disability or that anyone at the College viewed her in that light. In addition, there is absolutely no proof that Dicks suffered an severe restriction in her ability to perform any central function in her life owing to this alleged visual impairment. Educational institutions are not required "to lower or to effect substantial modifications of standards to accommodate" the disabled. *Southeastern Cmty Coll. v. Davis,* 442 U.S. 397, 413, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). The overwhelming body of evidence in this case shows that the College was entitled to summary judgment on the ADA claim.

There is likewise no doubt that the College was entitled to summary judgment on the defamation claim under Kentucky law. The gravamen of this claim is that one of the College officials, Barb Davis, created a "false diagnosis" of Dicks's condition of attention deficit disorder, some weakness in verbal memory and a narcissistic per-

sonality. This "false diagnosis," however, is completely supported by the opinion of Dr. Heck, and is undoubtedly the source of Ms. Davis's opinion. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.